## BACON *v.* HANNA *et al.*

*(Supreme Court, General Term, Fifth Department. January 22, 1892.)*

1. NEGOTIABLE INSTRUMENTS—NOTICE OF PROTEST—ADDRESS OF INDORSER.
    Where plaintiff's notary, relying on a directory, mails to a wrong address notice of protest to an accommodation indorser, who does not receive it until 27 days later. when the notary redirects the notice to the correct address, and it appears that the notary could have readily ascertained the proper address at first by inquiry or by reference to a note in his possession, of which the one in question was a renewal, he failed to use due diligence, and the protest was not properly made.

2. SAME—EVIDENCE—DIRECTORIES.
    In such case, in an action against the indorser, the court properly excluded testimony offered by plaintiff concerning the inquiry made by the notary when he purchased the directory as to how the residences and addresses therein were acquired, the offer not stating of whom the inquiry was made, or if such person had any knowledge on the subject.

Appeal from circuit court, Ontario county.

Action by Oren S. Bacon, Jr., against Morris W. Hanna, impleaded with others. Plaintiff appeals from a judgment in favor of the defendant entered by direction of the court dismissing the complaint on the merits. For order directing reargument, see 16 N. Y. Supp. 382, *mem.*

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*John Gillette*, for appellant. *Edwin Hicks*, for respondent.

LEWIS, J. This action was brought against the respondent as an indorser upon a promissory note, which fell due June 10, 1890. The respondent was an accommodation indorser. The sole question presented upon this appeal is as to whether the note was properly protested as to the respondent. There was no conflict in the evidence, and hence the question whether due diligence was used in protesting the note was for the decision of the court. Questions of diligence having been reduced to a good degree of certainty by commercial

usage and a long course of legal decisions, they assume the character of questions of law, and, when facts are ascertained, what is diligence is a question of law. Daniel, Neg. Inst. § 1058; *Spencer* v. *Bank*, 3 Hill, 520. The note at the time it fell due was the property of the banking-house of McKechnie & Co., of Canandaigua. The notary protesting the note was its cashier. He duly demanded payment of the note the day it matured, payment was refused, and he gave due notice thereof to the maker and the prior indorsers. The notice to the respondent he deposited in the post-office at Canandaigua, directed to him, "Canandaigua, New York," June 10, 1890. The notice was subsequently, and about July 7, 1890, redirected to the respondent to a post-office in the town of Hopewell, in which town he resided, and he received the same on said 7th day of July. The respondent had been for many years a resident of the town of Hopewell. His post-office address was Chapinville, in that town. He had never received his mail matter at the Canandaigua post-office. The notary had known the respondent for many years. He had often seen him about the post-office, but had never seen him receive any mail from that office. The respondent was the supervisor of the town of Hopewell for the year 1890, which fact was known to the notary at the time of sending the notice. The notary testified that he had been to the respondent's house, but, not knowing the boundary line between Canandaigua and Hopewell, he was not certain in which town he resided. On the day of sending the notice of protest he consulted Boyd's Directory for the year 1890 to ascertain the respondent's residence, and found therein the name "Morris W. Hanna, 158 Canandaigua," and, supposing that to be his residence, addressed to him the notice as stated. Boyd's Directory was published in the city of Syracuse, and was used largely by bankers and notaries for the purpose of ascertaining the residences of people. Six months prior to protesting the note in suit the notary protested a note of which the one in question was a renewal, and upon which note the respondent was an indorser. In protesting that note he mailed the notice addressed to the respondent at the Chapinville post-office, in the town of Hopewell; but in that instance there was appended to the name of the respondent, indorsed upon the note, the word "Chapinville." The respondent testified that he was residing in the town of Hopewell at the time the note was protested, and had resided in that town for more than 20 years; that he was the supervisor of that town for the year 1890; and that he had never received any mail matter from the post-office at Canandaigua. The first notice he received of the dishonor of the note was by letter on the 7th of July, 1890. At the close of the evidence the court held that the plaintiff had failed to show due diligence in protesting the note, and refused to submit any question to the jury, and dismissed the plaintiff's complaint.

The respondent being a resident of the town of Hopewell, the notice should have been addressed to him to a post-office in that town. Chapter 141, Laws 1835, § 1. We think the trial court correctly held that the appellant had failed to show due diligence in protesting the note. While the notary had an impression, as he testified, that the respondent resided in Canandaigua, he was uncertain about it. He knew that the respondent was a supervisor of an adjoining town. A supervisor must be a resident of the town he represents. 2 Rev. St. (8th Ed.) p. 889, § 11. The notary would have readily learned had he inquired of business men in the village of Canandaigua where the respondent resided. He would have learned, had he inquired at the post-office in Canandaigua, that the respondent did not receive his mail matter at that office. He chose to rely upon an indefinite impression as to the respondent's residence, and the information derived from Boyd's Directory, and neglected means which were at hand. The entry he found in the directory read, "Hanna, Morris W., 158 Canandaigua." No street is mentioned, unless the meaning of the entry was that his residence was 158 Canandaigua street.

The notice was not directed to any street number. He was not justified in relying solely upon the directory. *Bank* v. *De Groot*, 7 Hun, 210. The court held, on the evidence presented, that the owner of the note did not ex- ercise due diligence to ascertain the correct address of the respondent. We think the court correctly excluded the evidence as to the inquiry made by the notary when he purchased the directory as to how the residences and post-office addresses of the people were acquired. It was not stated of whom the inquiry was made, whether of an agent who was offering to sell the book or that the person inquired of had any personal knowledge as to how the information was obtained. The question as to whether the notary, at the time he protested the note, recollected about the protest of the prior note, was immaterial. The question was not as to the good faith of the notary in directing the notice, but it was a question of diligence. The judgment appealed from should be affirmed. All concur.